UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REBECCA CHURCHILL and
BRANDI MARTYKA,

    Plaintiffs,                         CASE NO.:

vs.

AFC WORLDWIDE EXPRESS, INC.,
d/b/a R&L Global Logistics,

    Defendant.               /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, REBECCA CHURCHILL ("CHURCHILL") and BRANDI MARTYKA ("MARTYKA") (hereinafter collectively referred to as, "Plaintiffs"), were employees of Defendant, AFC WORLDWIDE EXPRESS, INC., d/b/a R&L Global Logistics ("R&L" or "Defendant"), and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiffs brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

8. At all times material hereto, Plaintiff, CHURCHILL was a resident of Seminole County, Florida.

9. At all times material hereto, Plaintiff, MARTYKA was a resident of Lake County,

Florida.

10. Defendant, R&L, conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

11. Defendant, R&L, a Foreign Profit Corporation licensed to do business in Florida, provides global and domestic shipping services to its customers. *See* Defendant's website at https://rlglobal.com/shipping-services.

12. Plaintiff, CHURCHILL was employed by Defendant as an International Account Executive based in Defendant's Orlando, Florida location from on or around July 2018 through November 2020.

13. Plaintiff, MARTYKA was employed by Defendant as an International Account Executive based in Defendant's Orlando, Florida location from on or around August 2019 through October 2020.

## COVERAGE

6. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

8. Based upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time period.

9. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, and/or office supplies).

10. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11. Additionally, Plaintiffs were individually engaged in interstate commerce during their employment with Defendant as a result of their routine and daily use of email and telephone communications that crossed state lines and their routine and regular handling of goods, materials and supplies which had travelled in interstate commerce.

## **GENERAL ALLEGATIONS**

12. Defendant, R&L, is a company classified as, among other things, a domestic and international shipping company.

13. Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

14. Plaintiffs were employees of Defendant within the meaning of the FLSA.

15. Plaintiff, CHURCHILL was employed by Defendant from approximately July 2018 through November 2020.

16. Plaintiff, MARTYKA was employed by Defendant from approximately August 2019 through October 2020.

17. Plaintiffs earned an hourly rate in exchange for work performed.

18. Plaintiffs routinely worked in excess of forty (40) hours per week as part of their regular job duties.

19. Despite working more than forty (40) hours per week during one or more workweeks, Defendant failed to pay Plaintiffs overtime compensation at a rate of time and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek, contrary to 207 (a) of the FLSA.

20. For example, Defendant forced Plaintiffs to clock out in order to avoid paying Plaintiffs for all of their overtime hours worked.

21. Also as an example, Defendant altered Plaintiffs time records in order to avoid paying Plaintiffs for all of their overtime hours worked.

22. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiffs.

23. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

24. Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

25. Defendant failed to maintain proper time records as mandated by law.

26. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**

27. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-26 above.

28. Plaintiffs were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

29. During the relevant time period (last three years) during their employment with Defendant, Plaintiffs worked overtime hours, but were not paid time and one-half compensation for all of their overtime hours worked during one or more workweeks.

30. Defendant had knowledge of the overtime hours worked by Plaintiffs.

31. Defendant was aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

32. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

34. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant;

  a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per workweek as allowable under

6

the FLSA statute of limitations period;

b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 2/19/2021.

Respectfully submitted by,

_____
Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiffs