UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REBECCA CHURCHILL and
BRANDI MARTYKA,**

          **Plaintiffs,**

v.                                         Case No: 6:21-cv-339-JA-EJK

**AFC WORLDWIDE EXPRESS,
INC. and PARAMOUNT
TRANSPORTATION LOGISTICS
SERVICES, LLC,**

          **Defendants.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement (the "Motion"). (Doc. 66.) Upon consideration, I respectfully recommend that the Motion be granted in part.

**I.    BACKGROUND**

On February 19, 2021, Plaintiffs Rebecca Churchill ("Churchill") and Brandi Martyka ("Martyka") (collectively, "Plaintiffs") initiated this action against Defendants AFC Worldwide Express, Inc., and Paramount Transportation Logistics Services, LLC (collectively, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) Plaintiffs allege that they were employed by Defendants as International Account Executives, with Churchill working for Defendants from July 2018 through November 2020, and Martyka working for

Defendants from August 2019 through October 2020. (*Id.* ¶¶ 12–13.) Plaintiffs allege that they routinely worked in excess of 40 hours per week and that Defendants failed to pay Plaintiffs overtime compensation for all hours worked over 40 hours, in violation of the FLSA. (*Id.* ¶¶ 18–19.) However, Plaintiffs and Defendants have negotiated a compromise and settlement of Plaintiffs' claims and filed a motion for approval of their settlement agreement (the "Agreement"), pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Doc. 66-1.) On June 22, 2022, the Court directed counsel to inform the Court "whether or not the parties have entered into any agreement . . . . that has not been disclosed to the Court." (Doc. 67.) The parties indicated that they have not. (Doc. 68.) Thus, the Motion is ripe for review.

II.   STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated

minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the

> settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

### III. DISCUSSION

#### A. The Settlement Amount

According to the Agreement, Defendants have agreed to pay Churchill $12,000.00, consisting of $6,000.00 for Churchill's wage claims and $6,000.00 in liquidated damages. (Doc. 66-1 ¶¶ 2(a)–(b).) Defendants have also agreed to pay Martyka $4,500.00, consisting of $2,250.00 for Martyka's wages claims and $2,250.00 in liquidated damages. (*Id.* ¶¶ 2(c)–(d).) Churchill initially sought damages at a minimum of $15,348.17 and maximum of $17,362.35, plus liquidated damages and attorneys' fees. (Doc. 65-1 at 2.) Martyka initially sought damages in the amount of $6,350.34, plus liquidated damages and attorneys' fees. (Doc. 65-2 at 2.) Because Plaintiffs will receive less than the maximum amount to which they claimed they were entitled to under the FLSA, they have compromised their claims within the meaning of *Lynn's Food,* 679 F.2d at 1354–55.

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid minimum wages. . . . in an additional equal amount as liquidated damages."). On review of the issues discussed by the parties in the Motion, I find the $12,000.00 that Churchill and the $4,500.00 that Martyka have agreed to accept in satisfaction of their claims to be fair and reasonable in comparison to their original

claims, considering that all parties are represented by counsel and wish to avoid the risk and expense of further litigation. I also find this amount fair in relation to the nature of the dispute between the parties contesting whether Plaintiffs were jointly employed by Defendants and whether Plaintiffs failed to report all hours worked. (Doc. 66 at 5.) Thus, I find that the settlement sum represents a fair resolution of a bona fide dispute between the parties and that Plaintiffs have not unfairly compromised their claims.

### B. Attorney's Fees

Plaintiffs' attorney will receive $17,500.00 for fees and costs. (Doc. 66-1 at 4.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The parties represent that this amount was negotiated separately from the amount received by Plaintiffs, and the settlement is otherwise reasonable on its face; therefore, further review is not required. (Doc. 66 at 8); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### C. General Release

#### i. <u>FLSA Release</u>

In return for payment, Plaintiffs have agreed to the following release:

> In further consideration for the Settlement Payments allocated to each Plaintiff, Plaintiffs remise, release and forever discharge Defendants from any and all claims, demands and suits for violation of the Fair Labor Standards Act, 29 U.S.C § 201, *et seq.*, as well as damages recoverable thereunder, such as overtime wages, liquidated damages, costs, prejudgment interest and attorney fees. To the extent that the release above is not clear, Plaintiffs also release Defendants from all claims asserted or that could have been asserted in the Suit.

(the "FLSA Release") (Doc. 66-1 ¶ 3.)

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352. Furthermore, releases given to numerous unnamed individuals, collectively referred to as "Releasees," are insufficient where the parties are not identified. *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017) (recommending rejection of the settlement agreement in part because the release extended to numerous unnamed individuals), *denied as moot by*, 2018 WL 1801207 (denying the R&R as moot due to the parties' subsequent filing of a renewed motion for settlement approval); *Schultz v. Tartini at*

*Rock Springs Ridge, LLC*, No. 6:17-cv-815-Orl-37KRS, 2017 WL 11062615, at *2 (M.D. Fla. Sept. 22, 2017) (ordering the parties to file a renewed motion for settlement agreement approval in part because the motion did not address the breadth of the release given to defendants).

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiffs to release unknown claims that are unrelated to their wage claims. *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2018 WL 794790, at *4 (M.D. Fla. Jan. 24, 2018), *report and recommendation adopted*, No. 6:17-cv-676-Orl-28TBS, 2018 WL 798734 (M.D. Fla. Feb. 8, 2018); *Sanes v. Eclipse Advantage, LLC*, No. 6:15-cv-609-Orl-28KRS, 2016 WL 639351, at *2 (M.D. Fla. Jan. 21, 2016), *report and recommendation adopted*, No. 6:15-cv-609-Orl-28KRS, 2016 WL 676420 (M.D. Fla. Feb. 17, 2016). Furthermore, the parties to the FLSA Release are specifically identified. Therefore, because the FLSA Release provision releases only Plaintiffs' FLSA claims against Defendants and does not seek to release other non-FLSA related claims against unnamed parties, I recommend that the Court find this release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted).

### ii. General Release

The parties have also agreed to another general release:

> In further consideration for the Settlement Payment allocated to each Plaintiff, Plaintiffs hereby remise, release, and forever discharge Defendants from all claims, demands, suits and causes of action of whatever nature, *in personam*, *in rem*, in law, or in equity, whether growing out of the age discrimination, COBRA, compensation, disability, discrimination, Employee Retirement Security Act ("ERISA"), Family and Medical Leave Act ("FMLA"); Florida Whistleblower Act, Chapter 488, Fla. Stat.; intentional infliction of emotional distress, race discrimination, religious discrimination, retaliation, sex discrimination, tort, whistleblowing, worker's compensation retaliation statutes, including, but not limited to, all claims and causes of actions under 29 U.S.C. § 621, *et seq.*, 29 U.S.C. §1001, *et seq.*, including but not limited to, 29 U.S.C. §§1132 AND 1140, 29 U.S.C. §1161, *et seq.*: 29 U.S.C. § 2601, *et seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 2000E, *et seq.*; 42 U.S.C. § 12101, *et seq.*; the Florida Civil Rights Act of 1991 ("FCRA"), Chapter 760, Fla. Stat.; Florida Whistleblower Act, Chapter 488, Fla. Stat., as well as any other federal, state, and/or local laws, ordinances, rules regulations, and/or orders which may have afforded Plaintiffs a cause of action against Defendants for wages, monies, damages, compensatory damages, mental anguish damages, punitive damages, liquidated damages, statutory penalties, medical benefits or payments, disability benefits or payments, life insurance benefits or payment, retirement benefits or payments, interest costs, attorney fees, injunctive relief, declaratory relief, and/or other legal remedy or legally recoverable category of damages which Plaintiffs have ever had, or now have, or may hereinafter have, growing out of or in any way connected directly or indirectly with Plaintiffs' tenure with Defendants, from the beginning of the world to the date of this Release. Notwithstanding this general release provision, Plaintiffs are not waiving any rights they may have to: (a) pursue claims that by law cannot be waived by signing this Agreement, including but not limited to Florida's Workers' Compensation Statutes; and/or (b) enforce this Agreement. However, be executing this Release, Plaintiffs agree and acknowledge that they have not suffered any known workplace accidents or injuries during their employment.

> Similarly, Defendants hereby unconditionally, fully and finally release and forever discharge Plaintiffs from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kinds, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which Defendants have, ever had, or in may in the future claim to have against Plaintiffs based on any act or omission concerning any matter, cause or thing from the beginning of the world to the date of this Release.

(the "General Release") (Doc. 66-1 ¶ 4.)

Courts in this District have approved general releases where a plaintiff received adequate, additional consideration in exchange, even where plaintiffs comprised their FLSA claims. *See Wilburn v. Paradise Lawns & Landscaping, Inc.*, No. 6:14-cv-1557-Orl-37TBS, 2015 WL 13793352, at *1 (M.D. Fla. Feb. 13, 2015), *report and recommendation adopted*, No. 6:14-cv-1557-Orl-37TBS, 2015 WL 13793264 (M.D. Fla. Feb. 19, 2015) (approving FLSA settlement where plaintiff compromised the FLSA claim and received $250 in separate consideration for a general release where it was negotiated separately from plaintiff's FLSA claim); *see also Burch v. TTC Performance Prods., Inc.*, 6:20-cv-537-Orl-40EJK, Doc. 19 at *6–7 (M.D. Fla. Feb. 8, 2021), *report and recommendation adopted*, Doc. 20 (M.D. Fla. Mar. 9, 2021) (approving FLSA settlement where plaintiff received full value for their FLSA claim, plus $100 in separate consideration for a general release, because the general release was negotiated separately from plaintiff's FLSA claim); *Buntin v. Square Foot Management, Co. LLC*, No. 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866, at *2–3 (M.D. Fla. May 27, 2015)

(approving FLSA settlement where consideration in the form of a neutral reference was promised by defendant to plaintiff in exchange for a broad general release).

Here, Plaintiffs are each receiving $500.00 as separate consideration for the General Release and a mutual release from Defendants. (Doc. 66-1 ¶¶ 2(b) and (d), 4.) The parties also contend that the General Release was negotiated separately from Plaintiffs' FLSA settlement. (Doc. 66 at 9.) Moreover, the parties have certified to the Court that Plaintiffs are not aware of any additional claims against Defendants that they are releasing pursuant to the Agreement. (Doc. 70.) This leads me to conclude that the separate consideration is adequate. *See Owens v. SSRMI, LLC*, No. 5:16-cv-15-Oc-PGB-PRL, 2017 WL 2190646, at *3 (M.D. Fla. Apr. 28, 2017), *report and recommendation adopted sub nom. Owens v. SSRM1, LLC*, 2017 WL 2172089 (M.D. Fla. May 17, 2017) (explaining that in order for a court to make an informed determination as to whether a general release affects the fairness and reasonableness of a settlement, an explanation regarding any other claims that a plaintiff is knowingly releasing and identification of any additional consideration given in exchange must be discussed). Therefore, I conclude that the General Release does not "undermine the public policies embodied in the FLSA and other labor and employment laws." *Wilburn*, 6:14-cv-1557-Orl-37TBS, Doc. 18 at *6 n.1 (citing *Dees*, 706 F. Supp. 2d at 1242).

### D. No-Rehire Provision

The Agreement also contains a no-rehire provision. (Doc. 66-1 ¶ 6.) It provides that "Plaintiffs agree never to seek reinstatement or to seek employment with Paramount in the future . . . this Release shall constitute a complete bar and defense

to said application, as well as justification for Paramount's refusal to rehire or reinstate Churchill and/or Martyka." (*Id.*) This type of restrictive provision is generally disfavored by courts because it is viewed as punishing the plaintiff for exercising his or her rights under the FLSA. *See, e.g.*, *Owens*, 2017 WL 2190646, at *3 (citing *Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-cv-88 (WLS), 2013 WL 5933991, at *6 (M.D. Ga. Nov. 1, 2013)).

The parties have not provided an explanation as to why the no-rehire provision is fair and reasonable. Furthermore, it is unclear whether Plaintiffs are receiving separate consideration for this provision. *Cf. Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving a no-rehire provision where the agreement specifically provided that additional, separate consideration had been paid for that specific provision and other releases); *Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-1098-Orl-22KRS, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) (finding the settlement agreement fair despite waiver of right to future employment, in part, because the plaintiff stated that she did not desire reemployment). Absent an explanation for the no-rehire provision, or additional, separate consideration, the undersigned cannot evaluate the fairness of this provision.

However, because there is a Severability Provision (Doc. 66-1 ¶ 9) that permits the striking of the no-rehire provision, I recommend that the Court sever the no-rehire provision (Doc. 66-1 ¶ 6) from the Agreement.

### E. Retaining Jurisdiction

The Agreement includes a provision that the Court retain jurisdiction to enforce the terms of the Settlement Agreement. (Doc. 66-1 ¶ 11.) However, this Court typically does not retain jurisdiction to enforce the terms of FLSA settlement agreements. *See, e.g.*, *Maldonado v. Golden Saj, LLC*, No. 6:18-cv-2095-Orl-28DCI, 2019 WL 2552301, at *3 (M.D. Fla. June 14, 2019) (denying request to retain jurisdiction due to the absence of any compelling reason to retain jurisdiction), *report and recommendation adopted*, No. 6:18-cv-2095-Orl-28DCI, 2019 WL 2550386 (M.D. Fla. June 20, 2019); *Smither v. Dolphin Pools of SW Fla., Inc.*, No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) (denying request to retain jurisdiction to enforce terms of FLSA settlement agreement due to parties' failure to present arguments or reasons in support of retaining jurisdiction), *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). Because the parties have provided no compelling argument in support of retention of jurisdiction, the undersigned recommends that the Court sever the provision for retention of jurisdiction (Doc. 66-1 ¶ 11) pursuant to the Severability Provision.

## IV. RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT IN PART** the parties' Joint Motion for Approval of Settlement Agreement (Doc. 66);

2. **SEVER** the No-Rehire Provision (Doc. 66-1 ¶ 6);

3. **SEVER** the Retention of Jurisdiction Provision (Doc. 66-1 ¶ 11);

4. **FIND** that the parties' Agreement (Doc. 66-1), as revised, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

5. **DISMISS** the case with prejudice; and

6. **DIRECT** the Clerk of Court to close the file

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of non-objection.

Recommended in Orlando, Florida on July 1, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE